**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
621 SW Morrison St Ste 1025
Portland OR 97205
Telephone: 503 223-5814
Fax: 503 228-1317

**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
Matthew C. Ellis, PC
621 SW Morrison St., Ste. 1025
Portland, OR 97205
Tel: (503) 345-5497

Of Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **DIANA KARTHAUSER,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT,**<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:20-cv-00127<br><br>**COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

## I.    JURISDICTION

1.    This is an action for damages under 42 U.S.C. **§** 1983 and Title VII of the Civil Rights

Act of 1964.  This court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331,

28 USC § 1343(3) and (4) and 42 USC § 2000e-5(f)(3).

2.     This court has supplemental jurisdiction of Plaintiff's state law claims under 28 USC §

1367.  Both federal and state law claims alleged herein arose from a common nucleus of

PAGE 1 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx

operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy such that the actions would ordinarily be expected to be tried in one judicial proceeding.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the claims and events giving rise to this action alleged herein occurred in Columbia County, Oregon.

## II.    PARTIES

4.    Plaintiff is female residing in Columbia County, Oregon

5.    Defendant, 911 Communications District ("Columbia"), is an Oregon special district formed under ORS Chapters 198 and 403.  Columbia is the sole public safety 911 answering point and dispatch center for public safety agencies in Columbia County, Oregon.  Defendant employs more than 15 employees and is an employer for purposes of ORS Chapter 659 and 42 USC § 2000e.

## III.    FACTUAL ALLEGATIONS

6.    Plaintiff commenced employment with Columbia as a communications specialist on March 15, 2000.  She was employed with Columbia for 18 years until her termination on or about July 16, 2018.

7.    Throughout her career with Columbia, Plaintiff received consistent positive reviews regarding her performance.  She received numerous accolades throughout her time with Columbia, recognizing outstanding contributions in the performance of her duties as a telecommunicator and as a Communications Specialist Trainer.

8.    In 2014, Trish Hilsinger and Plaintiff were employed in the two Supervisor positions within the Columbia District.

PAGE 2 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx

9.      In July 2014, the then current Executive Director, Jeanine Dilley, restructured the agency. She eliminated the two Supervisor positions and replaced them with one Assistant Operations position and three Lead Dispatcher positions.  Hilsinger and Plaintiff were reclassified as Lead Dispatchers.

10.     Hilsinger and Plaintiff were the only employees qualified for the Assistant Operations Position and applied for the position.  Ultimately, Hilsinger was selected for the position and Plaintiff remained a Lead Dispatcher.

11.     In early 2015, Jeanine Dilley announced she would retire at the end of the year.  Steve Watson, the current Operations Manager, was chosen to become the new Executive Director, leaving his position vacant.

12.     In Spring 2015, Plaintiff applied for the Operations Manager Position.  She was pulled into a meeting with Dilley and Watson and told by Watson that, "Trish [Hilsinger] was his girl – I choose Trish."  No hiring process for the position occurred, and Dilley announced that Hilsinger was being promoted to the Operations Manager Position later that week.

13.     In July 2015, Dilley asked Plaintiff to accept Hilsinger's former position as Assistant Operations.   Dilley restructured the position as a "manager" position as opposed to an "assistant" position.  The title was also changed to Performance Manager and a large portion of the Operations Manager duties were incorporated into the Performance Manager position.  Plaintiff formally took the role in November 2015.

14.      In January 2016, Steve Watson became Executive Director for the Columbia District.

15.     Soon after Watson became Executive Director, Plaintiff approached him about changing the structure of the positions of Operations Manager and Assistant Manager. The way the

PAGE 3 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
*www.employmentlaworegon.com*

Complaint.docx

managerial positions were then structured created significant overlap between the two positions without any clear delineation of what role and duties each position was supposed to fulfill.  Watson arranged for Judy Clark in Human Resources to conduct a management reassessment.  In or about late 2016, Clark completed her assessment and recommended that Plaintiff's position, Assistant Manager, take on additional duties while Hilsinger fulfilled the role of Technical Manager and all Communications staff were removed as her subordinates. Although Plaintiff was given more duties, Hilsinger's position continued to be paid significantly more than Plaintiff's position.

16.      During this time, Watson and Hilsinger worked closely together.  Watson assisted Hilsinger in her newly acquired Technical Manager duties and appeared to give her preferential treatment.  Watson routinely assisted Hilsinger with her duties at work and would even perform some of her duties if she was not able to complete them. Watson appeared to be sympathetic to Hilsinger when it was announced that her position would be changed in late 2016 and Watson became standoffish towards Plaintiff.

17.      In January 2017, Watson was put under investigation for sexual harassment regarding a specialist within the agency.  During the investigation it was revealed that Hilsinger and Watson had a previous consensual, intimate relationship when Watson was Hilsinger's supervisor.

18.      Plaintiff was interviewed as part of the investigation into the allegations against Watson. Plaintiff told the investigator that she knew about Watson's attempt to have an affair with the specialist and that she had come to Plaintiff for advice in fear that he may retaliate.  Plaintiff also told the investigator that in approximately 2006, Watson had asked Plaintiff to go out with him and she had declined.

PAGE 4 – COMPLAINT

LAW OFFICE OF STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Telephone:  (503) 223-5814
www.employmentlaworegon.com

19.    Watson was aware of some of the comments Plaintiff made during the investigation and confronted Plaintiff about the investigation.  He questioned Plaintiff regarding the reason she had brought up the specialist and how she got involved in the investigation.  He also told Plaintiff that asking her out was a mistake and that he was never interested in Plaintiff.  He expressed frustration with the comments Plaintiff made even though she explained that she was only answering the investigator's questions.

20.    In or about April 2017, Watson left Columbia.  Brian Burright replaced Watson as the Interim Director.

21.    During this time, Columbia opened the hiring process for a new Executive Director.  One of the applicants for the position was Mike Fletcher.

22.    Plaintiff had been told by former Director Watson that he and Mike Fletcher had a close relationship.  He referred to Fletcher as a good friend, a "fishing buddy," and as one of the 'robocops' at a side job that both attended annually where they would work as security guards at a San Diego, CA fair.  Plaintiff witnessed numerous occasions where Fletcher, Watson and Hilsinger would stay late and talk after District board meetings.

23.    On or about April 19, 2018, Mike Fletcher officially started as Executive Director for the Columbia District.

24.    On or about mid-May 2018, an employee, McClafferty advised Plaintiff that she would need to change her Criminal Justice Information System ("CJIS") password.  He informed Plaintiff that he had logged into the CJIS system using her administrative credentials and requested a new password. He then used this new password to log in under Plaintiff's credentials to assist another employee in the department.  Plaintiff was shocked that he had used her credentials without her

PAGE 5 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx

authorization and reported this incident to Fletcher.  McClafferty knowingly and without her authorization accessed her CJIS account in violation of ORS 164.377(4).  Fletcher agreed with Plaintiff that this was a definite CJIS violation and that he would take care of the situation.

25.    On or about June 8, 2018, Plaintiff received a Facebook notification alerting her that a request to change her password had been made.  The Facebook account is her personal Facebook account which she also used to maintain a public page for Columbia.  Plaintiff received a notification that McClafferty was on the Columbia Facebook messenger.  Plaintiff believed McClafferty requested her password in an attempt to access her personal Facebook account without her permission in violation of ORS 659A.330.  Plaintiff reported to her supervisor, Nancy Edwards, that she believed that McClafferty had requested the change of password without her authorization and she was uncomfortable with this.  Edwards told Plaintiff that she would discuss the issue with Fletcher.  To Plaintiff's knowledge, McClafferty was never disciplined for these issues she reported to my supervisors, Edwards and Fletcher.

26.    On or around June, 2018, Fletcher announced that he would be handling an upcoming radio project due to his extensive knowledge of radios.  The radio project involved a contract with another company, who also employed Steve Watson.  Watson was the head of the project for the company and consequently had a close working relationship with Fletcher.  During a District Board meeting, the Board had expressed a possible conflict of interest with working with the company due to Watson's previous employment with the District.  However, Fletcher stood up for Watson and stated that Watson's knowledge of the District would be beneficial for the upcoming project. Fletcher also made it known that he would be attending the same San Diego convention as security as Watson.

PAGE 6 – COMPLAINT

LAW OFFICE OF STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Telephone:  (503) 223-5814
www.employmentlaworegon.com

Complaint.docx

27.     On June 11, 2018, upon her arrival at work, Plaintiff was pulled into a meeting with Fletcher and Edwards and given an Administrative Leave notice without any further information.

28.     On July 16, 2018, Plaintiff attended a meeting with Fletcher and Edwards and was given a Notification of Complaints & Intention to Terminate Employment due to alleged fraud.  Plaintiff was told she could resign or be terminated.     Plaintiff refused to voluntarily resign and was immediately terminated by Fletcher.  Defendant initiated criminal proceedings against Plaintiff when she refused to voluntarily resign her employment.

29.     Similarly situated males who participated in, approved, or engaged in the same or substantially similar allegedly unlawful activity were neither disciplined nor referred for criminal prosecution.

30.     On July 25, 2019, Plaintiff submitted a letter and a filled out questionnaire to the Oregon Bureau of Labor and Industries alleging that she was discriminated and retaliated against by Defendant. The Oregon Bureau of Labor and Industries found that there was substantial evidence of discrimination against Plaintiff.

31.     Prior to her termination, Plaintiff never received any form of discipline in her 18 year career with Columbia.  Plaintiff is also not aware of any employee within the Columbia District without a history of discipline or negative evaluations who has received similar treatment as herself.

32.     Plaintiff filed a tort claim notice with defendant within 180 days of her termination.

33.     Plaintiff filed this proceeding within 90 days of her receipt of a right to sue notice from the Oregon Bureau of Labor and Industries.

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
*www.employmentlaworegon.com*

Complaint.docx

34.    Plaintiff has suffered lost wages, fringe benefits and pre-judgment interest in an amount to be determined at trial.  In addition, Plaintiff is entitled to reinstatement of her employment or in the alternative an award of future wages and fringe benefits in an amount to be determined at trial.

35.    Plaintiff has suffered emotional distress, damage to reputation and other compensatory damages in an amount to be determined at trial.

36.    Plaintiff is entitled to reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988, ORS 659A.885 and ORS 20.107. Plaintiff is also entitled to her expert witness fees under ORS 20.107.

## IV.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Sex Discrimination)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

38.    Defendant discriminated against Plaintiff because of her sex in violation of ORS 659A.030(1)(a) and 42 USC §2000e-2(a).

### SECOND CLAIM FOR RELIEF

### (Retaliation for Opposing Sex Discrimination)

39.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

40.    Defendant retaliated against Plaintiff for opposing unlawful employment practices of sex discrimination in violation of ORS 659A.030(1)(f) and 42 USC §2000e-3(a).

### THIRD CLAIM FOR RELIEF

### (Social Media Account Privacy Violations – ORS 659A.330)

41.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx

42.    Defendant terminated Plaintiff in retaliation for her refusal to disclose her username and password associated with her personal social media account in violation of ORS 659A.330(1)(e).

## FOURTH CLAIM FOR RELIEF

### (Retaliation- ORS 659A.199)

43.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

44.    Defendant terminated and initiated criminal proceedings against Plaintiff in violation of ORS 659A.199 because she in good faith reported information that she believed was evidence of a violation of a state or federal law, rule or regulation. This includes but is not limited to laws, rules or regulations prohibiting employers from misusing employee's social media accounts, prohibiting computer crimes, and prohibiting unauthorized access to confidential computer systems such as the Oregon Criminal Justice Information System.

## FIFTH CLAIM FOR RELIEF

### (Retaliation- ORS 659A.230)

45.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

46.    Defendant terminated and initiated criminal proceedings against Plaintiff in violation of ORS 659A.230 because she in good faith reported criminal activity in the form of a computer crime by McClafferty

## SIXTH CLAIM FOR RELIEF

### (Equal Protection)

47.    Plaintiff incorporates by reference paragraphs 1 through 36 above.

48.    Defendant deprived Plaintiff of her rights to Equal Protection of the law under the Fourteenth Amendment to the U.S. Constitution in violation of 42 USC §1983 by terminating her

PAGE 9 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx

employment and initiating criminal proceedings against her because of her gender and in retaliation for her opposition to gender discrimination.

49.     The deprivation of Plaintiff's Fourteenth Amendment rights was pursuant to the custom, policy and practice of the Columbia 911 Communications District.

50.     The deprivation of Plaintiff's Fourteenth Amendment rights was done by a person with final policy making authority and was done while acting as final policymaker for Columbia 911 Communications District.  Thus, Columbia 911 Communications District is liable for the deprivation of Plaintiff's Fourteenth Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Columbia 911 Communications District.

51.     Defendant Columbia 911 Communications District is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Wrongful Discharge)

52.     Plaintiff incorporates by reference paragraphs 1 through 36 above.

53.     Defendant committed the common law tort of wrongful discharge by terminating plaintiff's employment in retaliation for her exercise of rights of public importance related to her role as an employee, including but not limited to public policies protecting employee's social media accounts from privacy violations by an employer.

/ / /

/ / /

PAGE 10 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
*www.employmentlaworegon.com*

Complaint.docx

## EIGHTH CLAIM FOR RELIEF

### (Retaliation- ORS 659A.203)

54.     Plaintiff incorporates by reference paragraphs 1 through 36 above.

55.     Defendant terminated and initiated criminal proceedings against Plaintiff in violation of

ORS 659A.203 because she in good faith reported information that she believed was evidence of

a violation of a state or federal law, rule or regulation. This includes but is not limited to laws,

rules or regulations prohibiting employers from misusing employee's social media accounts,

prohibiting computer crimes, and prohibiting unauthorized access to confidential computer

systems such as the Oregon Criminal Justice Information System.

## V.     RELIEF

        WHEREFORE, plaintiff prays for judgment as follows:

        1.      An award of lost wages, fringe benefits and prejudgment interest in an

amount to be determined at trial; reinstatement into her employment or in the alternative an

award of lost future wages and fringe benefits in an amount to be determined at trial.

        2.      An award of compensatory damages for emotional distress, damage to

reputation and other compensatory damages in an amount to be determined at trial.

        3.      An award of costs, reasonable attorney fees and expert witness fees; and

        4.      All other fit and proper relief.

        DATED this 22nd day of January, 2020.


         /s Stephen L. Brischetto
        Stephen L. Brischetto, OSB No. 781564
        Attorney for Plaintiff
        621 SW Morrison St., Suite 1025

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
*www.employmentlaworegon.com*

Complaint.docx

Portland, Oregon 97205
Attorney for Plaintiffs
Ph:503-223-5814
slb@brischettolaw.com

MATTHEW C. ELLIS
Matthew C. Ellis, PC
621 SW Morrison St., Ste. 1025
Portland, OR  97205
Tel: (503) 345-5497
matthew@employmentlawpdx.com


Plaintiff herein demands trial by jury.


  /s Stephen L. Brischetto
Stephen L. Brischetto, OSB No. 781564
Attorney for Plaintiff
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorney for Plaintiffs
Ph:503-223-5814
slb@brischettolaw.com

PAGE 12 – COMPLAINT

*LAW OFFICE OF STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Complaint.docx